<u>UNPUBLISHED</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4262**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

URCHEL LAVOY HILL,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Thomas D. Schroeder, District Judge. (1:12-cr-00329-TDS-1)

Submitted: October 30, 2013        Decided: November 21, 2013

Before KEENAN, WYNN, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, William C. Ingram, First Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Stephen Thomas Inman, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Urchel Lavoy Hill appeals his conviction after he pled guilty to filing a false tax return, in violation of 26 U.S.C. § 7206(1) (2006), and his sentence of thirty-six months imprisonment. Hill's counsel has filed a brief pursuant to Anders v. California, 387 U.S. 738 (1967), stating that he has found no meritorious issues for appeal, noting that there was nothing in the record to undermine the validity of Hill's plea, and questioning whether the district court erred by denying Hill a downward adjustment for acceptance of responsibility and whether the sentence is otherwise reasonable. Hill filed a pro se supplemental brief, raising additional sentencing issues. We affirm.

Hill's counsel raises as a potential issue the validity of Hill's guilty plea but points to no specific error in the Fed. R. Crim. P. 11 hearing. Before accepting a guilty plea, the trial court must conduct a plea colloquy in which it informs the defendant of, and confirms that the defendant comprehends, the rights he is relinquishing by pleading guilty, the charge to which he is pleading, and the maximum possible penalty he faces. Fed. R. Crim. P. 11(b); United States v. DeFusco, 949 F.2d 114, 116 (4th Cir. 1991). The court also must ensure that the plea was voluntary and not the result of threats, force, or promises not contained in the plea agreement.

2

Fed. R. Crim. P. 11(b)(2). Additionally, the court "must determine that there is a factual basis for the plea." Fed. R. Crim. P. 11(b)(3).

Because Hill did not seek to withdraw his guilty plea or otherwise preserve any alleged Rule 11 error by timely objection, we review the plea colloquy for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). Upon our review we conclude that the district court fully complied with the mandates of Rule 11 in accepting Hill's plea. The court ensured that the plea was knowing and voluntary and supported by an independent factual basis. See DeFusco, 949 F.2d at 116, 119-20. Thus, we discern no plain error and affirm Hill's conviction.

Next, Hill and his counsel question the calculation of the Guidelines range and the reasonableness of the sentence. We review a sentence for reasonableness, applying "a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). We "first ensure that the district court committed no significant procedural error," such as improper calculation of the Guidelines range, insufficient consideration of the 18 U.S.C. § 3553(a) (2012) factors, and inadequate explanation of the sentence imposed. Gall, 552 U.S. at 51. If we find the sentence procedurally reasonable, we also must examine the substantive reasonableness of the sentence,

"tak[ing] into account the totality of the circumstances." Id. A within-Guidelines sentence is presumed reasonable on appeal, United States v. Susi, 674 F.3d 278, 289 (4th Cir. 2012), and the defendant bears the burden to "rebut the presumption by demonstrating that the sentence is unreasonable when measured against the § 3553(a) factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted).

Although Hill complains that the district court imposed sentencing enhancements that were not submitted to a jury or admitted by him, we have previously rejected this argument. See United States v. Blauvelt, 638 F.3d 281, 293 (4th Cir. 2011) (collecting cases). Hill also suggests that the district court erred by declining to award an acceptance of responsibility adjustment after the district court found that he had obstructed justice.[*] We conclude that the district court did

---

[*] Neither Hill nor his counsel disputes on appeal the applicability of the obstruction of justice adjustment. Our review of the record pursuant to Anders reveals that the district court did not err—plainly or otherwise—in finding that a preponderance of the evidence supported the adjustment. See United States v. Greene, 704 F.3d 298, 303-04 (4th Cir. 2013) (discussing plain error standard of review), cert. denied, __ U.S. __, 2013 WL 1808696 (U.S. Oct. 15, 2013) (No. 12-9965); see United States v. Thorson, 633 F.3d 312, 320-21 (4th Cir. 2011) (discussing obstruction of justice enhancement); see also U.S. Sentencing Guidelines Manual ("USSG") § 3C1.1 & cmt. n.4(C) (2012).

4

not clearly err in refusing to award a downward adjustment for acceptance of responsibility because Hill's case was not an "extraordinary case[] in which adjustments under both [USSG] §§ 3C1.1 and 3E1.1 may apply." USSG § 3E1.1 cmt. n.4; see United States v. Bartko, 728 F.3d 327, 345 (4th Cir. 2013) (stating standard of review); United States v. Knight, 606 F.3d 171, 176 (4th Cir. 2010) (reviewing claim as factual matter). Next, contrary to Hill's assertion that the Government failed to submit sufficient information to establish that he owed $92,337 in restitution to the Internal Revenue Service for unpaid taxes over a four-year period, Hill stipulated to the restitution amount in the plea agreement. We therefore conclude that Hill's sentence is procedurally reasonable.

Finally, Hill suggests that his sentence is substantively unreasonable because he received the statutory maximum sentence on his first criminal conviction. Because Hill's sentence is within a properly calculated Guidelines range and Hill has not rebutted the presumption of reasonableness afforded such sentences, we conclude that the sentence is substantively reasonable. See Susi, 674 F.3d at 289; Montes-Pineda, 445 F.3d at 379. Thus, the district court did not abuse its discretion in sentencing Hill to thirty-six months imprisonment.

In accordance with <u>Anders</u>, we have reviewed the entire record on appeal and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This Court requires that counsel inform Hill, in writing, of his right to petition the Supreme Court of the United States for further review. If Hill requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this Court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Hill. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this Court and argument would not aid the decisional process.

<u>AFFIRMED</u>